USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/24/2017____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBIN NANETTE SCOTT,

    Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

16 Civ. 3261 (VEC)(SN)

**ORDER**

VALERIE CAPRONI, District Judge:

    Plaintiff Robin Nanette Scott, appearing *pro se*, brings this action appealing the denial of her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") by the Social Security Administration ("SSA"). The Commissioner of Social Security (the "Commissioner") has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Dkt. 10). On March 16, 2017, the Honorable Sarah Netburn, U.S. Magistrate Judge, issued a Report and Recommendation (the "Report") recommending that the Commissioner's motion be denied and the case be remanded to the SSA for further proceedings. Report (Dkt. 16). On March 30, 2017, the Commissioner objected to the portion of the Report that found that the determination by the administrative law judge ("ALJ") of Scott's residual functional capacity ("RFC") was not based on substantial evidence. Comm'r Obj. (Dkt. 17). On due consideration, after review of the record, the Report is adopted.[1]

## BACKGROUND

    Scott filed applications for DIB and SSI in March 2013, alleging disability as of December 24, 2012. Administrative R. 12 (Dkt. 9). On October 8, 2014, the SSA denied Scott's

---

[1]     The case was transferred to the undersigned on April 5, 2017.

claims. *Id.* at 9. The ALJ found that Scott had four severe impairments, including degenerative disc disease and herniations of the lumbar and cervical spines, but that she had the RFC to perform sedentary work without excessive pulmonary irritants and that Scott could perform jobs that existed in the national economy. *Id.* at 14, 16, 19-20. In reaching that conclusion, the ALJ relied in large part on the report of Dr. Ted Woods, a consulting physician who examined Scott in May 2013 at the request of the Commissioner. *Id.* at 17, 18. Dr. Woods was not provided with a February 2013 CT scan of Scott's spine that showed spinal and bilateral foraminal stenoses and disc herniation. *Id.* at 213-14, 377-80. His report related that Scott had an MRI, not a CT scan, of her lower back and Scott "is unsure of the results." *Id.* at 213. He diagnosed Scott with, *inter alia*, low back and neck pain, and found her prognosis to be "[f]air." *Id.* at 216. The ALJ's decision became final when the Appeals Council denied Scott's request to review the ALJ's decision. *Id.* at 1-3. Scott filed this appeal on May 2, 2016. (Dkt. 2).

**STANDARD OF REVIEW**

In reviewing final decisions of the SSA, courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge.'" *Bradley v. Comm'r of Soc. Sec.*, No. 12 Civ. 7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3). Courts review "those parts of the Report to which objections are made *de novo*, and the remaining parts for 'clear error on the face of the record.'" *Cruz v. Colvin*, No. 13 Civ. 1267, 2014 WL 5089580, at *1 (S.D.N.Y. Sept. 25, 2014) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

The Report recommends that the case be remanded to the SSA because the ALJ's determination of Scott's RFC was not based on substantial evidence. Report at 22-23. Judge Netburn concluded that the ALJ did not err in according significant weight to Dr. Woods's opinion, given that Scott had no consistent treating physicians. *Id.* at 21. Because, however, Dr. Woods was not provided with Scott's CT scan that showed marked spinal and foraminal stenoses and disc herniation, the Report found that Dr. Woods's opinion was based on "an obviously incomplete evidentiary record missing test results crucial to a proper diagnosis." *Id.* at 23. Judge Netburn reasoned that, because Dr. Woods's opinion was the only one in the record to assess Scott's limitations, the ALJ either should have ordered an additional consultative examination that took into consideration Scott's spinal imaging or sought additional information from a treating physician about the extent of Scott's limitations. *Id.* In the objection, the Commissioner argues that the relevant regulations do not mandate that a consulting physician be furnished with particular evidence and that, when the administrative record contains no gaps, the ALJ is not required to seek additional information. Comm'r Obj. at 4-6.

When an ALJ assesses a claimant's alleged disability, he must "affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503,

508-09 (2d Cir. 2009)). With respect to consultative examinations, the relevant regulations require the SSA to "give the examiner any necessary background information about [a claimant's] condition." 20 C.F.R. § 404.1517. Although Dr. Woods was not required to view all of the medical evidence, Scott's abnormal CT scan was "necessary background information" that Dr. Woods should have considered. *See Mills v. Berryhill*, No. 15 Civ. 5502, 2017 WL 1155782, at *10 (E.D.N.Y. Mar. 27, 2017) ("[T]he Commissioner should have provided [the consulting physician] with Plaintiff's records [including his MRIs, EMG, or surgical reports] that documented the history of his chief complaints. Without any of this information, [the consulting physician's] opinion alone cannot support the ALJ's RFC determination.").

The Second Circuit's opinion in *Burgess v. Astrue*, on which the Commissioner relies, is not to the contrary. 537 F.3d 117 (2d Cir. 2008). In that case, the court remanded to the Commissioner because, *inter alia*, the ALJ relied on the report of a consulting physician who had not considered an MRI that supported the claimant's alleged disability. *Id.* at 130-31. It is true, as the Commissioner points out, that the consulting physician in that case never examined the claimant, whereas Dr. Woods examined Scott. Comm'r Obj. at 5. That distinction is not all that significant, however, because the Second Circuit also found that the report of Dr. Mancheno, who *had* examined Burgess, was not supported by substantial evidence; like Dr. Woods with the CT scan in this case, Dr. Mancheno did not review an MRI that the claimant represented was abnormal. *Burgess*, 537 F.3d at 121, 124, 132. Consistent with *Burgess*, several courts in this circuit have found remand was necessary when a consulting physician was not provided with important diagnostic tests. *See Mills*, 2017 WL 1155782, at *10; *Adesina v. Astrue*, 12 Civ. 3184, 2014 WL 5380938, at *10 (E.D.N.Y. Oct. 22, 2014); *Payne v. Astrue*, 10 Civ. 1565, 2011 WL 2471288, at *7-8 (D. Conn. June 21, 2011). In a particularly analogous case, in which the

4

ALJ assigned weight to a consulting physician's assessment of a claimant's limitations, the court concluded that a remand was necessary because there was an obvious gap in the record: there was no medical opinion interpreting the results from the claimant's MRIs and imaging report and the Commissioner failed to provide the consulting physician with those diagnostic tests. *Riddick v. Comm'r Soc. Sec.*, 15 Civ. 8453, 2016 WL 816795, at *10 (S.D.N.Y. Feb. 29, 2016).

When "'the record contains sufficient evidence from which an ALJ can assess the [claimant's RFC],' a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, No. 16-1042, 2017 WL 213363, at *3 (2d Cir. Jan. 18, 2017) (citation omitted) (quoting *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order)). But *Monroe*—and the other Second Circuit cases on which it relies—still requires that the administrative record before the ALJ be sufficiently comprehensive to permit an informed finding by the ALJ. *Id.* Here, the Commissioner does not dispute that neither a treating physician nor Dr. Woods assessed Scott's limitations in light of the CT scan. This gap in the record precluded a sufficiently supported assessment by the ALJ of Scott's RFC. *See Smith v. Comm'r of Soc. Sec.*, No. 15 Civ. 1473, 2016 WL 1388063, at *11 (S.D.N.Y. Mar. 23, 2016) ("[B]ecause the CT scan report simply documents objective findings without interpreting their practical implications, the ALJ's conclusion rests improperly on his lay assessment of the medical evidence."); *Alessi v. Colvin*, No. 14 Civ. 7220, 2015 WL 8481883, at *5-6 (E.D.N.Y. Dec. 9, 2015) ("[T]here is insufficient basis in the record to determine . . . [Plaintiff's RFC] especially because . . . the sole medical source whose functional assessment the ALJ gave 'great weight' to did not review the lumbar and cervical MRIs, which showed some abnormalities. . . . While the ALJ himself considered the MRIs, the ALJ is not a medical professional who can interpret the MRIs to assess Plaintiff[']s RFC.").

It may be, as the Report notes, that Dr. Woods would have reached the same conclusion had Scott's CT scan been available to him.  *See* Report at 22.  Nevertheless, the ALJ should have further developed the record given that (1) Scott did not have a consistent treating physician, and none of the treating physicians' notes includes an opinion on the extent of her limitations, (2) the CT scan was abnormal and therefore could have affected Dr. Woods's opinion, and (3) the ALJ relied in large part on Dr. Woods's report.  Accordingly, upon *de novo* review of the record, the Court agrees with the Report that the ALJ's determination of Scott's RFC was not based on substantial evidence.  On remand, the ALJ should either order an additional consultative examination that takes into consideration Scott's spinal imaging or seek additional information from a treating physician about the extent of Scott's limitations.

The Court has reviewed the rest of the Report and found no clear error.  *See Cruz*, 2014 WL 5089580, at *1.

## CONCLUSION

For the reasons set forth above, the Report is adopted and Defendant's motion is denied.  The case is remanded to the SSA for further development of the administrative record.  The Clerk of Court is respectfully directed to terminate the motion at docket entry 10, close the case, mail a copy of this order to Plaintiff, and note the mailing on the docket.

**SO ORDERED.**

Date: April 24, 2017  
New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**